UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Christopher Darnell Dean, | ) | |
| | ) | Cr. No.:  8:12-cr-00109-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

        This matter comes before the Court on a motion by Petitioner Christopher Darnell Dean ("Petitioner"), a federal inmate proceeding *pro se*, requesting permission from this Court to file a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

### Standard of Review

        Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted

efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

On February 14, 2012, Petitioner was charged in a single-count indictment in the District of South Carolina as a felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(c). ECF No. 1.  On July 2, 2012, this Court sentenced Petitioner to 180 months imprisonment and five (5) years of supervised release.  ECF No. 30. Petitioner did not appeal his conviction and sentence. Petitioner filed this motion on July 7, 2015 asking the Court to vacate his sentence pursuant to 28 U.S.C. § 2255.[1]  ECF No. 32.

Petitioner's motion must fail because it is untimely. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255.  This limitations period may be raised *sua sponte* by the Court.  *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002).  The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).  Petitioner's Certificate of Service included with his motion states the date as July 7, 2015. This Court will give Petitioner the benefit of this date.

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the statute of limitations began to run on Petitioner's § 2255 motion after his conviction became final.  According to *Clay v. United States*, "For federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." 537 U.S. 522, 532 (2003). Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a criminal defendant has 14 days to file a notice of appeal from the entry of judgment. Fed. R. App. P. 4(b)(1)(A). Because Petitioner never appealed his conviction, the one-year period of limitations began when the time for filing his notice of appeal expired. Petitioner was sentenced before the federal court on July 2, 2012.  ECF No. 30. Therefore, Petitioner's conviction became final on

July 16, 2012 when his right to file a notice of appeal expired and the one-year limitation period started to run on this date. The current motion was signed by the Petitioner on July 7, 2015 and filed on July 10, 2015. ECF No. 32. Therefore, the motion is untimely.

## Conclusion

This Court has reviewed Petitioner's Motion, and the record plainly shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255 because Petitioner's Motion is untimely.   Therefore, this Court DENIES Petitioner's § 2255 Motion and lacks jurisdiction to consider any of the other arguments raised by Petitioner.  The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 2, 2015
Anderson, South Carolina

---

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").