#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### GREENWOOD DIVISION

| | | |
|---|---|---|
| Christopher Darnell Dean, | ) | |
| | ) | Civil Action No.: 8:12-cr-00109-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Christopher Darnell Dean ("Petitioner"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2012, Petitioner was named as the sole defendant in a single-count indictment charging him as a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2), and 924(c). (ECF No. 1). On July 2, 2012, Petitioner was sentenced to 180 months imprisonment followed by five years of supervised release. (ECF No. 30). Petitioner's sentence was enhanced under the Armed Career Criminal Act ("ACCA") because he had three prior convictions for a violent felony or serious drug offenses committed on different occasions. (ECF No. 27 at 17). As a result, Petitioner was subject to a statutory minimum sentence of fifteen years, or 180 months, imprisonment. (ECF No. 27-2). Petitioner did not appeal his conviction and sentence.

On July 7, 2015, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 32). In a written order entered September 9, 2015, Judge G. Ross Anderson denied Petitioner's motion to vacate because it was untimely. (ECF No. 42). The court also declined to

1

issue a certificate of appealability. (*Id.*) Subsequently, Petitioner filed a motion to vacate on April 4, 2016. (ECF No. 47). Petitioner also filed a motion to appoint counsel. (ECF No. 48). Respondent has not filed a response.

## II.    DISCUSSION

Petitioner asserts that his constitutional rights were violated when he was sentenced pursuant to the residual clause of the ACCA. Specifically, Petitioner asserts that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies retroactively to cases on collateral review, which would make this petition timely.

As a threshold matter, a successive motion filed under § 2255 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2255(h). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id.* at § 2244 (b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject of a petition for writ of certiorari. *Id.* at § 2244 (b)(3)(E). Here, the Fourth Circuit has not issued an order authorizing this court to consider Movant's successive motion. Therefore, the court is without jurisdiction to review the merits of the motion before the court.

This court recognizes that in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates a defendant's right to due process. *Johnson*, 135 S. Ct. at 2563. Currently, it is not clear whether Johnson is retroactively applicable to cases on collateral review. *See Price v. United States*, 795 F.3d 731 (7th Cir. 2015) (holding that *Johnson* announces a new substantive rule that is retroactively applicable to final convictions); *but see In re Rivero*, 797 F.3d 986 (11th Cir. 2015)

(holding that *Johnson* is not retroactively applicable to cases on collateral review).  The Fourth Circuit has yet to address whether *Johnson* is retroactively applicable to cases on collateral review.  Even if *Johnson* is retroactively applicable to cases on collateral review such that it could render Movant's motion timely, *Johnson* has no effect on Petitioner's sentence if at least three of Petitioner's prior state convictions qualify as violent felonies or serious drug offenses under the enumerated portions of 18 U.S.C. § 924(e)(1)-(2).  Because five of Petitioner's prior convictions qualify as violent felonies or serious drug offenses, even if Petitioner's motion were not procedurally barred, this court could not grant him any relief.

Finally, Petitioner filed a Pro-Se Request for Appointment of Counsel. (ECF No. 48).  Because this court has found that it does not have the jurisdiction to review Petitioner's motion to vacate, this court finds that his request for appointment of counsel is moot.

### III.     CONCLUSION

Based on the foregoing, Petitioner's motion to vacate, (ECF No. 47), is **DENIED**. Petitioner's motion to appoint counsel, (ECF No. 48), is also **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*,

3

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Columbia, South Carolina
April 7, 2016

4